UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. FERNANDES,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT FOX, Warden,<br><br>Defendant. | No. 2:15-cv-2272 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff is a state prisoner, currently incarcerated at Folsom State Prison under the authority of the California Department of Corrections and Rehabilitation (CDCR).[1] Plaintiff commenced this action while incarcerated at the California Medical Facility (CMF), challenging conditions of confinement at CMF. Plaintiff proceeds pro se with his original complaint and a motion to proceed in forma pauperis. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 4. For the reasons that follow, the undersigned grants plaintiff's motion to

---

[1] See http://inmatelocator.cdcr.ca.gov/ (Inmate Locator website operated by CDCR). This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

1

proceed in forma pauperis but recommends this action be dismissed without prejudice.

## II. In Forma Pauperis Application

Plaintiff's application to proceed in forma pauperis and prison trust account statement make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 2, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

      IV.     Screening of Plaintiff's Complaint

           A.     Plaintiff's Allegations & Exhibits

Plaintiff commenced this action in November 2015, seeking an injunction from this court directing defendant CMF Warden Fox to refrain from implementing a plan to move the facility's Native American Sweat Lodge to a different site within CMF, in order to create an outdoor area for CMF's Department of Mental Health (DMH) inmates. See ECF No. 1. The complaint was premised on the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq. Plaintiff conceded that no prison administrative remedies had been commenced but asserted that exigent circumstances warranted an exception to the requirement of administrative exhaustion prior to the filing of the complaint. ECF No. 1 at 2, 5.

In September 2016, plaintiff submitted a copy of the group inmate appeal submitted on this matter, demonstrating that the appeal was administratively exhausted September 2, 2016. See ECF No. 10. The appeal, submitted by eight inmates in February 2016, challenged the prisoners' removal from the previous Sweat Lodge grounds, which requested that the prior location be reinstated. The inmates challenged the relocation on RLUIPA and equal protection

grounds, asserting that CMF's DMH inmates had received preferred treatment. The Third Level Appeal Decision denied the appeal on the ground that the "relocation of the Native American Spiritual Grounds" was "in accordance with the RLUIPA, zoning, land marking laws, and does not impose a substantial burden on the religious exercise of the practicing Native American inmates at the CMF." Id. at 2. Further, the "evidence . . . allows equal access for religious services, in keeping with institutional security and other normal and necessary operations and activities within the institution." Id. at 2-3.

B. Analysis

The following considerations require the dismissal of this action without prejudice.

1. Failure to Exhaust Administrative Remedies

The complaint was filed in this action before plaintiff commenced the inmate appeal administrative review process. "The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). The availability of administrative remedies must be assessed at the time the prisoner filed his action. Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017). "There is no question that exhaustion is mandatory under the PLRA[.]" Jones v. Bock, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in Ross, 136 S. Ct. at 1856). The administrative exhaustion requirement is based on the important policy concern that prison officials have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204.

Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, see Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014), the exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," id. at 1166; see also Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal appropriate when an affirmative defense appears on the face of the complaint).

RLUIPA claims are not exempt from the requirement of prison administrative exhaustion. As underscored by the Supreme Court, "[s]tate prison officials make the first judgment about

4

whether to provide a particular accommodation, for a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies. See 42 U.S.C. § 2000cc-2(e) (nothing in RLUIPA 'shall be construed to amend or repeal the Prison Litigation Reform Act of 1995'); 42 U.S.C. § 1997e (a) (requiring exhaustion of administrative remedies)." Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005). Moreover, "the exhaustion requirement cannot be circumvented by the simple expedient of requesting injunctive relief." Smith v. Thompson, 638 F. Supp. 2d 754, 757 (E.D. Ky. 2009). Other than three circumstances identified by the Supreme Court,[2] none of which are present here, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[s] judicial discretion . . . mean[ing] a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross, 136 S. Ct. at 1856-57.

If a court concludes that a prisoner failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal of the action without prejudice. See Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005). Accordingly, this PLRA mandate requires dismissal of this action without prejudice.

### 2. Preliminary Injunctive Relief Moot

Dismissal of plaintiff's complaint for failure to exhaust administrative remedies renders moot his claim for injunctive relief. Additionally, plaintiff's subsequent transfer to Folsom State Prison[3] mooted his claim for injunctive relief against officials at CMF. See Johnson v. Moore, 948 F.2d 517 (9th Cir. 1991 (prisoner has no standing to seek injunctive relief regarding practices at a facility in which he is no longer is held); accord, Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).

////

////

---

[2] The Supreme Court has identified three circumstances demonstrating the unavailability of an administrative remedy, viz., when the administrative procedure operates as a "simple dead end" or is "so opaque that it becomes, practically speaking, incapable of use," or when prison administrators thwart inmates from pursuing the procedure "through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1859-60.

[3] The date of plaintiff's transfer from CMF to Folsom State Prison is not evident from the docket, record or CDCR's Inmate Locator website.

### 3. Dismissal Without Prejudice

Although other Native American inmates remaining at CMF who exhausted the relevant group inmate appeal may file a new complaint in a new action based on their exhausted claims,[4] an amended complaint may not be filed in this action. A plaintiff may add newly exhausted claims in an amended complaint only if the claims asserted in the original complaint were administratively exhausted when the action was commenced. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation").[5]

### V. Summary

This action must be dismissed without prejudice due to plaintiff's failure to exhaust prison administrative remedies before filing his complaint. Plaintiff's claim for injunctive relief is moot both for this reason and due to plaintiff's transfer from CMF to Folsom State Prison.

Native American inmates remaining at CMF who exhausted the relevant group inmate appeal may pursue this matter in a new original complaint filed in a new action in this court.

### VI. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

---

[4] Claims under both RLUIPA and Section 1983, brought in California, are subject to a four-year statute of limitations. See Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012), cert. denied sub nom. Beard v. Pouncil, 571 U.S. 820 (2013).

[5] New claims based on actions that took place *after* the original complaint was properly filed are not barred under McKinney so long as the plaintiff exhausted the new claims prior to filing the amended complaint. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010); see also Akhtar v. J. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012). Moreover, new claims based on actions that took place *before* the original complaint was properly filed are not barred under McKinney so long as the plaintiff exhausted the new claims prior to filing the amended complaint. See Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014).

3. The Clerk of Court is directed to designate on the docket that plaintiff is currently incarcerated at Folsom State Prison.

4. The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice due to plaintiff's failure to exhaust prison administrative remedies before commencing this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 26, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE